IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE OWENS, #B09385,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-1421-MJR |
| | ) |
| **DR. JON COE, et al,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

This matter is before the Court for consideration of Plaintiff's complaint (Doc. 1) and his motion for leave to proceed in forma pauperis ("IFP motion") (Doc. 4). As discussed in more detail below, the Court shall strike Plaintiff's unsigned complaint (Doc. 1) and deny his IFP motion (Doc. 4).

**The Complaint**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, and he is proceeding *pro se*. Upon review of the complaint, the Court notes that Plaintiff did not sign the pleading. Federal Rule of Civil Procedure 11 states, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." In order to proceed with this action, Plaintiff must file a complaint containing his signature within thirty (30) days (on or before February 20, 2015). In addition, Plaintiff shall resubmit any exhibits he wishes the Court to consider along with the complaint. If Plaintiff fails to comply with this order, this action shall be dismissed. *See* Fed. R. Civ. P. 41(b). The Clerk shall be directed to return the Complaint (Doc. 1) to Plaintiff along with this order.

The Court also notes that the unsigned pleading addresses numerous claims against twelve prison officials at two institutions. The claims arise from conduct that has occurred since 2013. The complaint includes allegations that Plaintiff faces "imminent danger" of harm, but Plaintiff seeks no immediate relief, either in the form of a temporary restraining order ("TRO") or a preliminary injunction. The only relief sought in the "Request for Relief" is monetary damages. The Court takes claims of imminent danger very seriously. Should Plaintiff seek any sort of immediate relief, whether in the form of a TRO or a preliminary injunction, he should file a separate motion pursuant to Federal Rule of Civil Procedure 65 that sets forth the specific relief sought and each of the reasons that said relief is warranted. He must sign the pleading.

**IFP Motion**

Plaintiff filed a properly signed motion for leave to proceed *in forma pauperis* ("IFP motion"), in which he seeks leave to proceed without prepayment of the Court's ordinary filing fee of $400.00[1] in civil cases. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit an indigent prisoner to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of the initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income (including all deposits to the inmate account from any source) credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*.

For purposes of calculating the average monthly balance in a prisoner's trust fund account for the six-month period preceding the filing of a lawsuit, 28 U.S.C. § 1915 does not specify whether a court should use opening monthly balances, daily balances, or closing monthly balances. *See Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999) (noting that, because Section 1915 is ambiguous as to whether opening monthly balances, daily balances, or closing monthly balances should be used to calculate a prisoner's initial partial filing fee, a court is free to use any one of the three or to rely solely upon average monthly deposits to a prisoner's trust fund account in calculating the fee). Relying upon the information contained in Plaintiff's certified copy of his trust fund account statement, the Court finds that twenty percent of the average closing monthly balance in Plaintiff's trust fund account for the six-month period immediately preceding the filing of this suit is $865.24.

Accordingly, Plaintiff's initial partial filing fee would be $865.24, a sum considerably greater than the $400.00 filing fee in this case. Accordingly, the Court will require Plaintiff to pay the $400.00 filing fee within thirty (30) days of this Order. The Court will complete its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, once Plaintiff tenders payment of the $400.00 filing fee for this action and files a properly signed complaint.

## Disposition

The **Clerk** is hereby **DIRECTED** to **STRIKE** the unsigned complaint (Doc. 1) and return a copy of the pleading to Plaintiff along with this Order. The Clerk is further **DIRECTED** to provide Plaintiff with a copy of a blank civil rights complaint form.

Plaintiff is **ORDERED** to file a properly signed complaint within thirty (30) days (on or before February 20, 2015). In addition, Plaintiff shall resubmit any exhibits he wishes the Court to consider along with the complaint.

Finally, as it appears that Plaintiff is able to pay the $400.00 filing fee in this case, his motion for leave to proceed IFP (Doc. 4) is **DENIED**. Plaintiff is **ORDERED** to pay the $400.00 filing fee in this case within thirty (30) days (on or before February 20, 2015). Payment of the $400.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, Plaintiff's name and the case number assigned to this action shall be clearly identified.

**Failure to comply with these orders will result in dismissal of this action for failure to comply with an Order of this Court.** Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the

Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.  The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the Trust Fund Officer at the Pinckneyville Correctional Center *upon entry of this Memorandum and Order*.

  **IT IS SO ORDERED.**

  **DATED:  January 21, 2015**

            s/ MICHAEL J. REAGAN
            **CHIEF UNITED STATES DISTRICT JUDGE**