IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TYRONE OWENS, #B-09385, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 14-1421-MJR |
| | ) |
| DR. JOHN COE, et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES *INSTANTER***

NOW COME the Defendants, CURTIS EBERS, MICHAEL HELLMAN and THOMAS SPILLER, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to the Court's Orders of March 11, 2015, and May 15, 2015, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, *Instanter,* and state as follows:

**STATEMENT OF CLAIM[1]**

**Count 13:**

On December 26, 2014 Defendant Correctional Officer Eber (Eber) violated Plaintiff's rights when Plaintiff was speaking to his assigned wing officer C/O Bishop.  When Eber started to be very loud and rude, by talking over Plaintiff's conversation and doing so loudly and making it so hard for the wing C/O Bishop to answer him or hear his response to him requesting to talk to a Lt/whiteshirt (Lt).  This supervisor is what it means,  Defendant did all he could to prevent him from getting the chance to talk to his assigned C/O Bishop, the plaintiff told Bishop "C/O I'm just trying to speak to you."  The Eber yelled "well I'm talking to you.  Defendant did this by running up into the Plaintiff's face, and did so so aggressively that Plaintiff thought he would throw him from his wheelchair. And Plaintiff thought he would be attacked by officers again as had happened before.  He yelled to plaintiff I Don't give a fuck who youre talking to, I said we're not doing shit for your ass, Plaintiff was frozen in fear as he pushed his way around Bishop to get to him.  Plaintiff was then threatened by Defendant when he said "now get your dumb ass on the wing and lock up, or you're going to segregation.  Defendants intimidation and threats was not caused for, as Plaintiff had only tried to tell his wing C/O that he needed to talk an Lt, as Major Allen instructed him to do. That's when defendant got so disrespectful and

---

[1] Plaintiff discusses a narrative of events that raises multiple constitutional claims.  The parties include multiple named defendants as well as nondescript groups of defendants. For clarity, the remaining Defendants in this claim have transcribed and adopted the relevant portion of Plaintiff's complaint and the Merit Review into separate paragraphs based upon alleged constitutional violations.  Defendants will address the allegations against them outlined by the Court for organizational purposes.  To the extent any further answers are necessary; Defendants deny such additional allegations and agree with the Court's ruling in dismissing claims and Defendants from this case.

threatening, Defendant violated Plaintiff's rights when he knew or should have known his actions could or would cause irreparable injury but did so maliciously and intentionally for no penological purpose. As a result Plaintiff suffers from severe depression, severe paranoia, and other mental injuries to be proven at trial.

**ANSWER: Defendants deny all allegations in this paragraph. Defendants deny violating Plaintiff's constitutional rights.**

**Count 16:**

[Defendants] violated plaintiff's rights and has placed his health and safety in the most serious of dangers when they conspired to have other inmate attack and possibly kill him. And knew to do so made a very good chance that he would be attacked/beaten, raped, stabbed, and possibly killed.  When on Jan. 23, 2015 Plaintiff was confronted by an inmate worker who asked him why he had snitched on them. At the time an officer/investigator from "internal affairs" had questioned them about watering down laundry soap that is to be used for all of the 100 plus inmates to each wing, so then, while Plaintiff was in his cell typing the new complaint up on his type writer. Defendant Hellmann (Hellman) came to his door and very loudly said "Owens get dressed you have to go over to "Operations".  Then he said to the entire 100 plus inmates "this is your snitch". Knowing that internal affairs (IA) works out of operations. Then in the outside (COKE) he sid what officer are you going to snitch on?  He knew plaintiff was going to speak with IT Furlow at IA about Defendant C/O Smith the Defendant that had wrongfully grabbed his buttock and stiffened his fingers and felt like it was to stick into his anus.  So Defendants Hellman and Eber made his stay at PNK now a dangerous fact.  Plaintiff should not have to be attacked/and/or killed for a court/this court to order Defendants to transfer him out of the Southern District of Illinois.  As word has spread throughout the entire prison that Plaintiff is a snitch.  Plaintiff clearly heard Hellman repeat loudly to the entire wing.  After he returned from IA somebody slapped him in the face really hard.  Also when he left to go to IA he had left all of his  -about this case-spread out on his bunk bed and parts inside the typewriter where Hellman and Eber read his legal documents and turned up the retaliation with their conspiracy to have inmates harm him.  Plaintiff was assaulted the following morning when one of the cell-mates charged at him yelling "I aint got no problem beating your bitch ass, you snitch bitch." So for health and safety reasons he asked to be housed away from 2-B that housing unit.  Only to be wrongfully placed in segregation (Seg).  Plaintiff-in his cell-repeatedly hears inmates on the new wing in seg. Threaten his life as soon as he gets out of seg. Plaintiff knows that those threats are valid and unless he is transferred he will be slapped again, stabbed, raped, or killed.  And he now informs this reviewing court to protect him. Plaintiff does not know what language to use that would encourage the court to revisit him motion for TRO/PI ad grant it before more attacks and more retaliation hurts him so bad he cant ask for help.  After wrongfully searching his cell Hellman and Eber claimed he had contraband that he didn't have when he left his cell.  But Defendants planted it or just claimed the found something they never found.  And Hellman wrongfully and out of retaliation for him blowing the whistle on smith wrote a disciplinary ticket which the defendant spiller used as a channel to also retaliate for being named in his complaint.  All defendants in this complaint knew they were named because of the e-filing system.  They have all somehow read the entire complaint and the retaliation will continue and increase.  Unless the united states district court adopt the 7th circuits suggestions/directions and grant his TRO/PI and do so expeditiously.  Because if not his life is in danger.  Defendants has given him the title of "snitch" and that title alone creates an environment that is a health and safety

violation.  And has helped in created imminent danger to him.  Defendant the assigned C/O on this day has made it unsafe.  For plaintiff by calling him a snitch.  Defendants violated Plaintiff's rights when they knew or should have known their actions could or would cause irreparably injury but did so maliciously and intentionally for no penological purpose as a result Plaintiff has suffered from severe headaches, severe paranoia, severe depression, pain in ear, and other mental injuries to be proven at trial.  There is absolutely no remedy that plaintiff has except a TRO/PI.  None of his grievances on major subject this included were answered. From pass experience , IDOC always failed and fails to enact a transfer when this type of problem arises.  Plaintiff now fears that now while he's stuck in seg. He will be attacked by other inmates that get placed in his cell.  Pinkcneyville and the southern district of Illinois prisons are now not condusive to his health.  In less than 24 hours from the time Hellman called him a "Snitch" he has been attacked (2) times.  They will continue to harm him as long as he is anywhere in Pinkneyville.  A TRO/PI to order a transfer out of the Southern district is the only remedy available to Plaintiff.

**ANSWER:   Defendants deny all the allegations in this paragraph pertaining to them calling Plaintiff a snitch or conducting a retaliatory contraband search.  Defendants lack knowledge as to Plaintiff's other allegations.  Defendants deny that they are in violation of Plaintiff's constitutional rights.**

## RELIEF REQUESTED

1.   Defendants deny that Plaintiff is entitled to relief in the form of compensatory damages.

2. Defendants deny that Plaintiff is entitled to relief in the form of punitive damages.

3. Defendants deny that Plaintiff is entitled to injunctive relief.

4. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

**1.        Qualified Immunity**

At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendants are therefore protected from suit by the doctrine of qualified immunity.

### 2. Prison Litigation Reform Act § 3626

The injunctive relief Plaintiff requests would violate Section 3626 of the Prison Litigation Reform Act (18 U.S.C. § 3626).

### 3. Sovereign Immunity

To the extent Plaintiff is suing Defendants for injunctive relief not intended to address ongoing violations, his claim is barred by the Eleventh Amendment and sovereign immunity.

### JURY DEMANDED

Defendants demand a trial by jury in this matter.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff's requested relief.

Respectfully submitted,

CURTIS EBERS, MICHAEL HELLMAN
and THOMAS SPILLER,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

Matthew J. O'Malley, #6317053
Assistant Attorney General
500 South Second Street          By:  s/ Matthew J. O'Malley
Springfield, IL  62706                    Matthew J. O'Malley
(217) 782-2077                              Assistant Attorney General

Of Counsel.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| TYRONE OWENS, #B-09385, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 14-1421-MJR |
| DR. JOHN COE, et al., | ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2015, I electronically filed *Defendants' Answer and Affirmative Defenses Instanter* with the Clerk of Court using the CM/ECF system, and I hereby certify that on May 15, 2015, I caused a copy of the document to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

Tyrone Owens, #B-09385
Pinckneyville Correctional Center
5835 State Route 154
P.O. Box 999
Pinckneyville, IL  62274

Respectfully submitted,

  s/  Matthew J. O'Malley
Matthew J. O'Malley, #6317053
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone: (217) 782-2077
Fax: (217) 782-8767
E-Mail:  mo'malley@atg.state.il.us